UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL WADE AND SALLY WADE,          :
                                     :
        Plaintiffs,                  :
                                     :
v.                                   :     CASE NO. 3:15cv609(RNC)
                                     :
BORIS CHURYK,                        :
                                     :
        Defendant.                   :

RULING ON DEFENDANT'S MOTION TO COMPEL

Plaintiffs, Daniel Wade and Sally Wade, bring this lawsuit

against their former neighbor, defendant Boris Churyk, alleging

claims of emotional distress and nuisance.  Pending before the

court is defendant's motion to compel (doc. #52).  For the

reasons that follow, the motion is GRANTED in part and DENIED in

part.

I.   Background

According to the complaint, plaintiffs and defendant were

neighbors in East Lyme, Connecticut (Compl. ¶¶ 3-4.)  Plaintiffs

allege that on February 20, 2012, defendant fired a gunshot

through the window of their home while they were inside, as a

result of which he was arrested and charged with criminal

mischief in the third degree and reckless endangerment in the

second degree.  Plaintiffs allege further that after serving a

period of probation, defendant obtained dismissal of these

criminal charges through the accelerated rehabilitation program.

(Compl. ¶¶5-6.)  Plaintiffs maintain that following defendant's

arrest and continuing through the summer of 2014 (when

plaintiffs moved away), defendant subjected the plaintiffs to

"terrorism and harassment of many kinds."  (Compl. ¶7.)

II.  <u>Discussion</u>

Discovery in this case has been unnecessarily protracted,

time-consuming, complicated, and contentious.

I held a status/discovery conference on May 11, 2017, after

Judge Chatigny denied defendant's motion to dismiss (doc. #39).

After the conference, I issued a memorandum of conference (doc.

#43), stating in pertinent part:

> Despite the close of discovery nearly a year ago on
> June 1, 2016, defendant's counsel stated that certain
> discovery issues remain. Counsel must confer in a good
> faith effort to eliminate or reduce any areas of
> controversy and arrive at a mutually satisfactory
> resolution. In the event the consultations of counsel do
> not fully resolve the outstanding discovery issues, either
> may file a motion to compel pursuant to Rule 37 of the
> Federal Rules of Civil Procedure and Rule 37 of the Local
> Rules of Civil Procedure by no later than June 12, 2017.
> There have been no settlement discussions. Plaintiffs
> are ordered to make a meaningful settlement demand to
> defendant by no later than May 25, 2017. The parties also
> must submit a joint report to Judge Martinez's chambers by
> June 2, 2017, addressing the status of discovery and
> efforts to resolve the case.

(Doc. #42 at 1-2.)  Counsel filed a joint status report on May

31, 2017.  They did not comply with the order to meet and confer

regarding outstanding discovery and/or to file a motion to

compel if necessary.[1]  I held another conference on June 29,

2017, and entered another order and memorandum of conference

(doc. #51):

> Despite the close of discovery over a year ago on June
> 1, 2016, defendant's counsel stated that certain discovery
> issues remain.  Counsel must confer in a good faith effort
> to eliminate or reduce any areas of controversy and arrive
> at a mutually satisfactory resolution.  In the event the
> consultations of counsel do not fully resolve the
> outstanding discovery issues, any motion to compel pursuant
> to Rule 37 of the Federal Rules of Civil Procedure and Rule
> 37 of the Local Rules of Civil Procedure must be filed by
> no later than July 19, 2017.
> If no motion to compel is filed, the parties' joint
> trial memorandum shall be due on August 2, 2017.
> This is the second order the court has entered
> regarding these issues.  (See Memorandum of Conference, May
> 11, 2017 (doc. no. 43)). The parties failed to comply with
> the orders set forth therein, with the exception of the
> order requiring a joint status report by June 2, 2017.  The
> parties should not expect any further consideration from
> the court regarding these issues.

(Doc. #51 at 1-2.) On July 11, 2017 defendant filed a motion to

compel, seeking a dismissal of plaintiff Daniel Wade's claims

for failure to comply with discovery rules and requesting an

order to compel Sally Wade to produce certain

"documents/records." (Doc. #52 at 1-2.)  Defendant states that

plaintiff Daniel Wade's deposition was halted after only a few

minutes because he became upset and "uncontrollably emotional,"

creating a disturbance in counsel's office.  (Doc. #52 at 7.)

Defendant also says that plaintiff Sally Wade's deposition was

---

[1] Nor did plaintiffs make any settlement demand of defendant.

3

suspended so that counsel could discuss defendant's request for
additional medical records, employment records and documents
requested during Sally Wade's deposition regarding a lawsuit
Mrs. Wade had brought against her employer, Electric Boat.  (Id.
at 8.)[2]

On September 1, 2017, plaintiffs filed a unilateral status
report identifying categories of documents they previously
produced.  They did not say that new documents were produced
following the motion to compel, but promised to provide the
results of an environmental study of their property when it was
completed. (Doc. #55 at 1-2.)  On November 30, 2017, defendant
filed a unilateral status report, in which his counsel stated
that:  "Plaintiffs' Counsel has had virtually no contact and
provided no information other than blanket refusal of any
information, discovery, documents or accommodations of any kind.
In the sole telephonic communication, prior to the August[3] 2017
conference call with Magistrate Judge Martinez, the associate
counsel from [Attorney] Williams' office stated that nothing

_____

[2] On December 21, 2017, plaintiff Sally Wade appeared before me
for a mediation in the companion case against her employer,
Sally Wade v. Electric Boat Corp., 3:16cv2041 (RNC).  That case
remains pending.

[3] The teleconference actually was on June 29, 2017. (See doc.
#50.)

4

further would be provided, and then hung up. I have never heard from them again, directly." (Doc. #56 at 2.)

The portion of defendant's motion to compel addressed to written discovery was deficient in several ways. First, it was apparent that counsel had not made a serious effort to resolve the discovery issues without court involvement. Second, because of the way the moving papers were prepared, the court could not determine which discovery requests were at issue.

On January 24, 2018, the court entered the following order:

> By no later than 1/26/2018, defendant must supplement his Motion to Compel by submitting to the court, in compliance with D.Conn.L.Civ.R. 37(b)1, copies of the discovery requests in dispute. Defendant must include plaintiffs' responses and/or objections thereto. The parties shall confer in accordance with D.Conn.L.Civ.R. 37(a), and by no later than 1/31/2018, the parties shall submit a joint status report to the court advising as to which specific discovery requests still are in dispute and require a ruling.

(Doc. #57.) Defendant submitted the discovery responses on January 26, 2018. The parties, however, still did not confer or identify the specific discovery requests remaining at issue. Instead, on February 2, 2018, defendant unilaterally submitted a status report, indicating that defendant's counsel had tried to confer with plaintiffs' counsel, but that counsel did not respond. ((Doc. #68 at 1.)[4]

---

[4] Indeed, since June, 2017, the parties seem never to have been able to file joint status reports. In September, 2017, the

Both the Local and Federal Rules of Civil Procedure require cooperation between lawyers for clients who are adversaries in litigation. Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process.  In addition, counsel are required to confer in good faith before seeking court action on discovery disputes.  (See Fed.R.Civ.P. 37 and D.Conn.L.Civ.R. 37(a).)  The importance of the meet and confer requirement cannot be overstated: it "ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves." Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 59 (N.D.N.Y. 2003).

As for the merits of the motion to compel, because counsel failed to comply with the court's order, the court still cannot discern which items of discovery remain disputed.  The defendant will have a final chance to submit the motion for adjudication. The presently pending motion is DENIED without prejudice in so far as it seeks written discovery.  Any new motion to compel must be filed no later than February 23, 2018.  The motion shall

---

plaintiffs filed their own report, and in November, 2017 and January, 2018, defendant filed a report alone.

include only the items in dispute. In accordance with the local
rules, the motion must be filed with an accompanying memorandum.
The memorandum must include **(1) the specific, verbatim text of
each discovery request at issue, followed by (2) the opposing
party's response and/or objection, and (3) "the reason why the
item should be allowed."** D.Conn.L.Civ.R. 37(b)(1) (emphasis
added).   In addition, the memorandum of law "shall include, as
exhibits, copies of the discovery requests in dispute" and an
affidavit regarding efforts to meet and confer. D.Conn.L.Civ.R.
37(a) and (b)(1).

    The court is compelled to direct counsels' attention to
Federal Rule of Civil Procedure 1.  That Rule, as amended in
December of 2015, requires that the Federal Rules of Civil
Procedure "be construed, administered, and employed by the court
and the parties to secure the just, speedy, and inexpensive
determination of every action and proceeding." Fed.R.Civ.P. 1.

   III. Conclusion

    For these reasons, insofar as defendant's motion to compel
(doc. #52) seeks written discovery, it is DENIED without
prejudice to refiling by no later than February 23, 2018, in
accordance with this order.  Insofar as the motion to compel
seeks the continued depositions of the plaintiffs, the motion to
compel is GRANTED.  If no motion to compel is filed, Plaintiffs
shall appear for their depositions by no later than March 13,

2018.  If another motion to compel is filed, and the court grants any portion of it, under Local Rule of Civil Procedure 37(d), plaintiffs will have 14 days following the ruling on the motion to compel to provide documents or other information. D.Conn.L.Civ.P. 37(d).  If another motion to compel is filed, the court will include in its ruling a deadline for the plaintiffs' depositions.  Plaintiffs are reminded that a party's failure to appear for a deposition after proper notice is grounds for sanctions, including "dismissing the action or proceeding in whole or in part."  Fed.R.Civ.P. 37(b)(2)(A)(v) and 37(d).

SO ORDERED at Hartford, Connecticut this 13th day of February, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge