UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL WADE and SALLY WADE  :
:
:
v.  :  CIV. NO. 3:15CV00609(HBF)
:
BORIS CHURYK  :
:
:

RULING ON MOTIONS IN LIMINE

Pending are defendant's Motions in Limine. [Doc. #78, 79, 80, 81, 82, 83, 84, 85].

Standard of Review

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (quoting Banque Hypothecaire Du Canton De Genève v. Union Mines, 652 F. Supp. 1400, 1401 (D. Md. 1987)); see Luce v. United States, 469 U.S. 38, 40 n.2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). "A district court's inherent authority to manage the course of its trials encompasses the

1

right to rule on motions in limine." Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Levinson v. Westport Nat'l Bank, No. 3:09-CV-1955(VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (quoting Highland Capital Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005)). Courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Meyers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

**Motion in Limine to Preclude Claims Barred By Absence of Damages Analysis [Doc. #78]**

Defendant seeks to preclude plaintiffs from presenting evidence or testimony relating to alleged damages that to date have never been articulated.

Plaintiffs will produce their damages analysis to defendant on or before **August 31, 2018**, including any support for the categories of calculable loss set forth in their discovery responses. [See Motion in Limine Doc. #78 at 3-4; Pl. Resp. Doc. #97 at 1-3].

Accordingly, a ruling on defendant's Motion in Limine [**Doc. #78**] is **RESERVED**.

2

**Motion in Limine to Preclude Expert Testimony and/or Reports [Doc. #79]**

Defendant moves to preclude any and all expert testimony or reports. Plaintiffs represent that they "have no intention of presenting expert testimony." [Doc. #98 at 1].

On this record, in light of plaintiffs' representation, defendant's Motion in Limine **[Doc. #79]** is **GRANTED**.

**Motion in Limine to Preclude Evidence of Claims Barred By the Statute of Limitations [Doc. #80]**

Defendant moves to preclude plaintiffs from presenting any evidence or testimony relating to conduct alleged in the Complaint that is beyond the statute of limitations. Under Connecticut law, the statute of limitations that applies to plaintiffs' claims of intentional injury is three years. Conn. Gen. Stat. §52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."). This action was instituted by service on the defendant on May 20, 2015. Defendant argues that any claims accruing before May 20, 2012, are therefore barred by the statute of limitations. Such claims defendant contends are barred by the statute of limitations are:

- A February 20, 2012 gunshot through a window of the plaintiffs' home.
- Display of a Halloween decorative head.
- Removal of "No Trespassing" signs.

3

- Annoying wind chimes.

Plaintiffs respond that, "[t]he defendant...admits that the continuing course of conduct doctrine permits the fact finder to consider wrongdoing which occurred more than three years before suit was filed so long as there are other relevant acts committed within the three-year period." [Doc. #99 at 1 (citing Watts v. Chittenden, 301 Conn. 575, 596, 22 A.3d 1214 (2011). In Watts, the Court found that

> public policy interests weigh in favor of applying the continuing course of conduct doctrine to toll the statute of limitations for a claim of intentional infliction of emotional distress without requiring the existence of an original duty. Therefore, we hold today that, in the context of cases involving only the intentional infliction of emotional distress, the existence of an original duty is not necessary to apply the continuing course of conduct doctrine. We further hold that, although we recognize the continuing course of conduct doctrine in cases of intentional infliction of emotional distress, we further recognize that at some point there must be a limitation on the ability to file an action to recover for such conduct. Therefore, in such cases, if no conduct has occurred within the three year limitations period set forth in § 52-577, the plaintiff will be barred from recovering for the prior actions of intentional infliction of emotional distress. If, however, additional actions occur within the limitations period, the ability to bring an action will be further extended. In the present case, the trial court found that the defendant's conduct continued from June 3, 1999, until her guilty plea on April 11, 2002. In 2004, the defendant made an additional report of sexual abuse. The present action was commenced on August 29, 2005. Further, in May, 2006, the defendant made an additional report of sexual abuse. At no time, as found by the trial court, was there a gap of three years between the reports of

sexual abuse reported by the defendant against the plaintiff.

Watts, 301 Conn. at 596-98, 22 A.3d at 1226-28. The Court reserved judgment until trial so that the motion may be placed in the appropriate factual context.

Finally, defendant contends that the nuisance claims are distinguishable from the intentional infliction of emotional distress claims. "[T]he date upon which a nuisance claim accrues depends on whether the nuisance is considered temporary (i.e. continuing) or permanent. Wellswood Columbia, LLC v. Town of Hebron, 327 Conn. 53, 81-82, 171 A.3d 409, 427-28 (Conn. 2017). "If a nuisance is not abatable, it is considered permanent, and a plaintiff is allowed only one cause of action to recover damages for past and future harm." Id. Conversely, "a nuisance is not considered permanent if it is one which can and should be abated...." Id. Under the standard articulated in Wellswood Columbia, LLC, defendant argues that "the nuisance claim here is either completely barred (if determined to be permanent) or partially barred (if determined to be temporary)." [Doc. #80-1 at 3 (quoting Wellswood, 327 Conn. at 81-82, 171 A.3d at 427-28). Defendant contends that plaintiffs' alleged claims are "temporary in nature; presumably any nuisance of the kind described, if proved, could and should have been abated. This means that the plaintiff should be able to recover only for

5

wrongs that occurred <u>after</u> May 20, 2012." [Doc. #80-1 at 3]. Thus, defendant contends that many of plaintiffs' claims are plainly barred as a matter of law, including the gunshot in February 2012, display of the Halloween decorative head, removal of no trespassing signs and annoying wind chimes. However, plaintiffs allege a continuing course of conduct that they will ask the trier of fact to consider as a whole in determining whether the conduct meets the burden of proof on each claim.

Accordingly, defendant's Motion in Limine **[Doc. #80]** to bar claims outside the statute of limitations is **DENIED** under the continuing conduct doctrine without prejudice to renewal at trial if the plaintiffs cannot show that additional acts occurred inside the limitations period, or successfully argue that the prior events are more prejudicial than probative.

**Motion in Limine to Preclude Evidence of Chemical Contamination and Treatment [Doc. #81]**

Defendant moves to preclude plaintiffs from presenting any evidence or testimony relating to contamination or injury to their property or to themselves by allegedly noxious chemicals. [Doc. #81].

Plaintiffs respond that "they agree that they do not have, and have not disclosed, any expert witness to substantiate the above-quoted portion of their claim in this case. Accordingly, they will not make that claim at trial." [Doc. #100 at 1].

6

Accordingly, in light of plaintiffs' representation, defendant's Motion in Limine **[Doc. #81]** is **GRANTED**.

**<u>Motion in Limine to Preclude Evidence First Produced with Plaintiffs' Counsel's Letters Dated April 3, 2018 and April 18, 2018 [Doc. #82]</u>**

Defendant moves to preclude plaintiffs from presenting any evidence or testimony regarding material produced outside the discovery period, specifically, materials produced in letters dated April 3 and 18, 2018, photographs, audio recording, video recording, or other unknown recordings that have not been produced to date. Plaintiffs state they have no objection to reopening discovery for the limited purpose of addressing discovery produced after the discovery period closed.

- Plaintiffs will provide all photographs, audio recordings, video recordings, and any other documents listed on plaintiff's Trial Exhibit list, on or before **August 31, 2018.** [<u>See</u> Motion in Limine Doc. #82; Pl. Resp. Doc. #82].

Accordingly, defendant's Motion in Limine **[Doc. #82]** is **GRANTED** in part and **DENIED** in part, subject to renewal after the proposed exhibits are produced.

**<u>Motion in Limine to Preclude Evidence of Erased Criminal Charges and Proceedings [Doc. #83]</u>**

Defendant moves to preclude plaintiffs from presenting any evidence or argument relating to criminal charges or proceedings for which he completed a program of accelerated rehabilitation,

7

resulting in the dismissal of charges and the erasure of records. The Complaint alleges defendant was granted accelerated rehabilitation with respect to the charges involving the gunshot he fired through a window of plaintiffs' home on February 20, 2012. [Doc. #1 ¶5]. There is no dispute that defendant successfully completed the terms of the accelerated rehabilitation.

Plaintiffs respond that the "evidence is admissible ... because the arrest and prosecution marked the beginning of the defendant's long pattern of retaliation and harassment against the plaintiffs." [Doc. #102 at 1]. Plaintiffs intend to call the arresting officer to "testify that the defendant expressed anger against the plaintiffs at the time of his arrest and the evidence will show that his desire for revenge fueled his subsequent harassment." Id. They argue that evidence of motive is relevant and admissible. The Court agrees that the testimony is relevant.

Under Connecticut law, when a person successfully completes a program of acceleration, the charges are dismissed and "[u]pon dismissal, all records of such charges shall be erased pursuant to section 54-142a. Section 44-142(a)(e)(3) states, "(3) Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the

general statutes with respect to the proceedings so erased and may so swear under oath." Conn. Gen. Stat. §54-142a(e)(3).

Defendant argues that "[n]o evidence or argument should be permitted referencing any arrest of the defendant for which he completed accelerated rehabilitation, resulting in the charges being dismissed." [Doc. #83-1 at 2]. However, defendant concedes that "Connecticut cases distinguish between evidence of the underlying events, which may be allowed if otherwise admissible, and evidence of the arrest and criminal proceedings, which may not be permitted." Id.

A close reading of State v. Morowitz, 200 Conn. 440, 512 A.2d 175 (1986), relied on by defendant, is unhelpful to his position. Section 54-142a does not preclude "evidence based on personal knowledge and evidence based on the erased records, and limit[ing] the scope of the witness's testimony to a description of the prior incident as [he/she] remembered it." 200 Conn. at 450, 512 A.2d at 181. The Court in Morowitz found no error in the trial court permitting a victim/witness to testify from her personal knowledge of events, independent of the court proceedings that followed. "No reference was permitted to the defendant's prior arrest or prosecution, nor were any records of the prior proceedings admitted into evidence." Id. In other cases the Court has recognized "the legitimacy

9

of the distinction between testimony based on independent personal knowledge and testimony based on inadmissible records, permitting the former while barring the latter." Id. Recognizing "this distinction does not undermine the purpose of the erasure statute." Id. 200 Conn. at 451, 512 A.2d at 182.

> Prohibiting the subsequent use of records of the prior arrest and court proceedings adequately fulfills this purpose by insulating such an individual from the consequences of the prior prosecution. The statute does not and cannot insulate [a defendant] from the consequences of his prior actions. Although the records of the defendant's prior prosecution were erased, the prior victim's memory of the assault remain. Because the disputed testimony was based on personal knowledge independent of the erased records, §54-142a did not bar its admission.

Id.

Accordingly, defendant's Motion in Limine is **GRANTED** in part and **DENIED** in part. The witnesses may testify to the events of which they have personal knowledge that preceded the court proceedings which followed. It may be permissible for a witness to testify to the arrest and any statements made by defendant during the course of the arrest if it occurred in front of him/her. The proponent must proffer testimony on the personal knowledge of a witness and the scope of the subject matter of his/her testimony prior to offering it at trial, and the Court will

rule at that time. No records of the prior criminal proceedings will be admitted into evidence.

**Motion in Limine to Preclude Evidence in Support of Plaintiffs' Claims of Bodily Injury and/or Specific Psychological Injury or Diagnosis [Doc. #84]**

Defendant moves to preclude evidence or testimony in support of plaintiffs' claims of bodily injury or specific psychological injury or diagnosis on the basis that plaintiffs failed to disclose any expert to support their claims. Defendant argues that he "would be highly prejudiced by the disclosure of an expert so close to the trial date...." [Doc. #84-1 at 4].

"[P]laintiffs have no intention of presenting expert testimony." [Doc. #98]. They contend, however, that the law does not require expert testimony to prove emotional distress. [Doc. #103 at 1-2 (citing cases)]; Schanzer v. United Techs. Corp., 120 F. Supp. 2d 200, 217 (D. Conn. 2000)("There is no requirement under Connecticut law that a claim for emotional distress be supported by medical evidence." (citing Berry v. Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992))). The Court agrees.

> Just as the fact of treatment is not sufficient to prove the existence of severe emotional distress, the absence of treatment does not preclude proof of severe emotional distress. [Plaintiff] contends that he has suffered from memory loss and anxiety since the alleged incident. ... Connecticut courts have held that emotional distress is severe when it reaches a level which "no reasonable person could be expected to endure." Mellaly v. Eastman Kodak, 42 Conn. Supp. 17,

>   597 A.2d 846 (1991). The symptoms described by the
>   plaintiff—memory loss and anxiety—are sufficiently
>   serious that a reasonable jury could find for the
>   plaintiff on this claim.

Birdsall v. City of Hartford, 249 F. Supp. 2d 163, 175-76 (D. Conn. 2003).

Accordingly, defendant's Motion in Limine is **GRANTED** in part and **DENIED** in part. Plaintiffs are precluded from offering testimony regarding a diagnosis, or medical conclusions, such as causation.

### Motion in Limine to Preclude Evidence of Conduct that Does Not Rise to the Level of Extreme and Outrageous [Doc. #86]

Finally, defendant moves to preclude plaintiffs from presenting any evidence or testimony relating to conduct alleged in the complaint that does not rise to the level of extreme and outrageous in support of their Intentional Infliction of Emotional Distress claim. He argues that such testimony and evidence is more prejudicial than probative.

Here, plaintiffs allege three distinct claims. One is intentional infliction of emotional distress. The other two are nuisance and negligence. Plaintiffs correctly state that, "[t]he requirement that the defendant's conduct be found 'extreme and outrageous' is present in only the first of three tort claims." [Doc. #104 at 1]. The Court agrees with plaintiffs that conduct considered in isolation might be characterized as innocuous, but may become "extreme and outrageous" when considered cumulatively

and over a period of time. [Doc. #104 at 2]. The Court declines to consider the allegations to determine if the conduct alleged rises to "extreme and outrageous' in a pretrial evidentiary motion. If sufficient evidence is adduced, the jury will determine if the conduct complained of meets the burden of proof for each claim.

Accordingly, defendant's Motion in Limine **[Doc. #85]** is **DENIED.**

CONCLUSION

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #90] on June 26, 2018, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport, Connecticut this 13th day of August 2018.

                                /s/
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE