```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DANIEL WADE and SALLY WADE    :
                              :
                              :
v.                            :       CIV. NO. 3:15CV00609(HBF)
                              :
BORIS CHURYK                  :
                              :
                              :
```

ORDER

A telephonic case management conference was held on September 5, 2018.

Plaintiff filed this action on April 27, 2015, seeking compensatory and punitive damages against the defendant Boris Churyk. In the July 9, 2015, Report of Parties' Planning Meeting, the parties agreed that, "A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 1, 2016." [Doc. #11 at 7, ¶8]. On July 27, 2015, Judge Chatigny entered a Scheduling Order adopting all of the deadlines set forth in the parties' Report. [Doc. #12]. The discovery deadline was set for June 1, 2016. Id. On May 11, 2017, Judge Martinez held a conference noting that, "Despite the close of discovery nearly a year ago on June 1, 2016, defendant's counsel stated that certain discovery issues remain." [Doc. #43 at 1]. On June 29, 2017, Judge Martinez entered a second order, noting that the parties had made no

1

further progress in completing outstanding discovery or complying with the Court's orders. On July 11, 2017, defendant filed a motion to compel, seeking dismissal of plaintiff Daniel Wade's claims for failure to comply with discovery rules and requesting an order to compel Sally Wade to produce certain "documents/records." [Doc. #52 at 1-2]. For reasons set forth in Judge Martinez's ruling, the Court denied defendant's motion without prejudice to refiling by no later than February 23, 2018, in compliance with D. Conn. L. Civ. P. 37(b)(1) and Fed. R. Civ. P. 1. [Doc. #68 at 6-7]. On March 2, 2018, Judge Martinez entered an order stating in part that, since no Motion to Compel was filed by the deadline, the parties' joint trial memorandum was due on March 27, 2018. [Doc. #74]. Together with the Joint Trial Memorandum, defendant filed eight Motions in Limine seeking to preclude evidence at trial. [Doc. #78-85]. On July 13, 2018, the case was transferred to the undersigned for all further proceedings. [Doc. #96].

A case management conference was held on July 31, 2018. On August 2, 2018, the Court entered an Order directing plaintiffs to provide the following on or before **August 31, 2018**. [Doc. #109].

- Damages Analysis. Plaintiff will also provide support for the categories of calculable loss set forth in their

2

discovery responses. [See Motion in Limine Doc. #78 at 3-4; Pl. Resp. Doc. #97 at 1-3].

- Photographs, audio recordings, video recordings, and any other documents listed on plaintiff's Trial Exhibit list. [See Motion in Limine Doc. #82; Pl. Resp. Doc. #82].

The Court stated that, "Failure to comply with this Order may result in the granting of defendant's Motions in Limine." [Doc. #109 at 1].

On August 13, 2018, the Court ruled on defendant's Motions in Limine, reserving judgment on two motions [Doc. ##79, 82] to permit plaintiffs time to produce the information by the August 31, 2018 deadline. [Doc. ## 109, 110 at 2, 7].

During today's telephonic status conference, defendant's counsel reported that he received no production or damages analysis by the August 31st deadline, renewing his request for the Court to preclude the evidence at trial. Counsel also reported that he is working with plaintiffs' counsel to schedule a video preservation deposition of defendant Boris Churyk and does not want to be surprised at the time of the deposition with materials that were not produced pursuant to the Court's deadline. Plaintiffs' counsel stated he would provide the materials within two days.

The parties will report back on **September 13, 2018,** and provide a date for defendant's preservation deposition and an

3

update on plaintiffs' production of outstanding discovery and damages analysis. Any documents to be used at trial must be produced at least **three days** before the deposition or will be precluded. Plaintiffs are advised that failure to provide a damages analysis may preclude entire categories of damages at trial. Defendant may renew his request for relief for plaintiff's failure to comply with the Court's order, on or after September 13, 2018.

A settlement conference is scheduled for **September 21, 2018** at 2:00 PM. The parties' ex parte letters are due on or before **September 17, 2018** and may be e-mailed to the law clerk at: alyssa_esposito@ctd.uscourts.gov.

SO ORDERED at Bridgeport, Connecticut this 7th day of September 2018.

```
       /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```